# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-807V
Filed: April 25, 2017

* * * * * * * * * * * * * *
SHARLEE FUNAI,   *
　　　　　　　　　*
　　Petitioner,　　*　　Special Master Sanders
　　　　　　　　　*
v.　　　　　　　　*
　　　　　　　　　*　　Dismissal; Influenza ("Flu")
SECRETARY OF HEALTH　*　　Vaccine; Adverse Effects.
AND HUMAN SERVICES,　*
　　　　　　　　　*
　　Respondent.　　*
* * * * * * * * * * * * * *

Diana L. Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for Respondent.

**DECISION[1]**

　　On July 7, 2016, Sharlee Funai ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ["the Program"].[2]  Pet. 1, ECF No. 1.  In an amended petition filed August 19, 2016, she alleged that the influenza ("flu") vaccine she received on September 17, 2013 caused "adverse effects."  Amend. Pet. 1, ECF No. 12.  The information in the record, however, does not show entitlement to an award under the Program.

　　On April 24, 2017, Petitioner moved for a decision dismissing her claim.  Pet'r's Mot. Decision, ECF No. 25.  Petitioner conceded that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Id. at 1.  Petitioner filed this motion without an objection from Respondent.  Id. at 2.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence that her alleged injury was caused by the influenza vaccination.

      Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

      s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master